# Brafman & Associates, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN

JOSHUA D. KIRSHNER

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

December 23, 2020

**VIA ECF**

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>United States v. Jeffrey Goldstein</u>, 18 Cr. 217 (KMW)

Dear Judge Wood:

Sentencing in the above-referenced case is currently scheduled for January 4, 2021. On November 18, 2020, this Court ordered the parties to inform the Court on December 21, 2020, whether the parties agree to proceed with a remote sentencing. By letter, the government informed the Court on December 21st that, while the defense would like to proceed remotely, the government "questions whether the record can support a finding under the CARES Act that sentencing '"cannot be further delayed without serious harm to the interest of justice,"' and therefore requests that the sentencing be adjourned until it can occur in person. For the reasons stated below, we respectfully submit that a remote sentencing is proper in this case.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which empowered the Judicial Conference of the United States and Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 § 15002(b)(2), (4).

Brafman & Associates, P.C.

Under this authority, Chief Judge Colleen McMahon of this District has issued several Standing Orders invoking and then extending the invocation of the CARES Act. See 20-mc-176-CM, ECF. No. 1 (Standing Order); 20-mc-176-CM, ECF. No. 2 (Amended Standing Order); 20-mc-176-CM, ECF. No. 3 (Second Amended Standing Order).

Independent of these Orders and under a separate docket number, Judge McMahon also issued a November 30, 2020, Standing Order suspending in-person operations in this District from December 1, 2020, through January 15, 2021. See 20-mc-622-CM, ECF No. 1. Under this Order, all criminal matters during this time frame, including sentencings, will be conducted remotely **unless** "(1) the defendant declines to waive the right to be physically present, and (2) the court concludes that the matter cannot be postponed, in conformity with the CARES Act." (Id.; emphasis added.)

Subsequently, on December 18, 2020, Judge McMahon issued a Third Amended Standing Order extending the invocation of the CARES Act for an additional 90 days starting December 25, 2020. See 20-mc-176-CM, ECF. No. 4. The Third Amended Standing Order echoes the original and Amended Standing Orders by noting that sentencings "cannot be conducted in person without seriously jeopardizing public health and safety," and that, therefore, sentencings may be conducted via video teleconferencing where the defendant consents and the presiding judge finds that the sentencing "cannot be further delayed without serious harm to the interests of justice." See Id. at 3–4; Standing Order at 3; Amended Standing Order at 2–3; Second Amended Standing Order at 3.

As an initial matter, we note that the December 18, 2020, Standing Order merely extended the invocation of the CARES Act an additional 90 days but did not otherwise supplant or amend the November 30, 2020, Standing Order. As noted above, under the terms of the November 30th Standing Order, "all criminal matters during this time frame, including sentencings, will be conducted remotely **unless** "(1) the defendant declines to waive the right to be physically present, and (2) the court concludes that the matter cannot be postponed, in conformity with the CARES Act." See 20-mc-622-CM, ECF No. 1 (emphasis added.) Because this Standing Order is written in the conjunctive (as opposed to disjunctive), Goldstein's sentencing is required to be conducted remotely under the Standing Order **unless** both conditions are met. Given that Goldstein will waive his right to be physically present, the first condition is not met and the sentencing must proceed remotely.

Moreover, under any of the Standing Orders, a remote sentencing in this case is also proper because further delays would seriously harm the interests of justice. Jeffrey Goldstein pleaded guilty on August 16, 2019, more than 16 months ago. Sentencing was originally set for January 22, 2020, and was adjourned, at the defense's request, to March 12, 2020. Due to a scheduling conflict, the Court, sua sponte, adjourned the sentencing to March 18, 2020. A week before sentencing, counsel wrote to inform the Court that Goldstein was a resident of

Brafman & Associates, P.C.

New Rochelle, NY, parts of which were under self-quarantine at that time due to a Coronavirus outbreak. Although Goldstein lived outside the containment zone, had no symptoms and wanted to keep the March 18th sentencing date, counsel informed the Court of this potential issue in an abundance of caution. In response, this Court adjourned sentencing sine die to reduce all parties' risk of exposure. Sentencing has been adjourned multiple times since then and is currently scheduled for January 4, 2021.

This delay, although reasonable and necessary, has caused significant stress for Goldstein and his family as they wait to hear his sentence and the ramifications it will have for his family. This stress is not simply based on the uncertainty of Goldstein's sentence (although it is a significant source of anxiety), but also based on the uncertainty of the family's current situation. Since his arrest, Goldstein has surrendered his medical license and has struggled to financially support his family. As a result, the Goldsteins have been forced to declare bankruptcy and put their house up for sale. Moreover, because of the pending sentencing, Goldstein has not yet been able to transition to a new field where he can support his family. Delaying sentencing will further delay the Goldstein family—including Goldstein's four children—from rebuilding their lives.

As courts around the country have recognized, the stress and anxiety from delayed sentencings during the pandemic can cause serious harm to the interests of justice. For example, Chief Judge Barbara M. Lynn of the Northern District of Texas noted in April:

> Although the Court would prefer not to conduct sentencing hearings via video teleconference, it finds that delaying the hearing past April 30—and possibly even further depending on the pandemic's progression—would cause serious harm to the interests of justice. The Court will not allow this defendant to await sentencing indefinitely and to undergo the added stress that further delay would cause. She deserves a date-certain for sentencing and to complete this portion of the criminal process. Moreover, given the defendant's conviction and criminal history, the United States has an interest in completing the district-court process and turning its attention to new and pending criminal matters. Finally, an indefinite delay of the sentencing hearing could undermine the public's confidence in the judicial system, including the community, any victims, and the defendant's family.

United States v. Kelly, 3:09-cr-00051, ECF No. 63 (N.D. Texas, April 2, 2020).

Similarly, Judge William Pauley in this District noted the following earlier this year in granting a video sentencing over the government's objection: "[The defendant] does not know what his sentence will be or even when this Court can conduct an in-person sentencing. Contrary to the Government's assertion, this uncertainty can impair the interests of justice."

Brafman & Associates, P.C.

United States v. Cohen, 19 Cr. 741, ECF No. 41 at 4. As Judge Pauley further noted: "Delaying every sentencing would multiply the existing backlog of cases in the federal court system and generate a deluge of hearings once in-person proceedings can safely resume." (Id.)

Moreover, the government's position in this case is inconsistent with the position it took before Judge Paul Gardephe last month in opposing a sentencing adjournment in the Michael Avenatti case. There, the government opposed adjourning the sentencing for a February 2020 conviction by quoting the Second Circuit and arguing "the public is the loser when a criminal trial is not prosecuted expeditiously." United States v. Avenatti, 19 Cr. 373, ECF No. 307 at 1–2 (quoting United States v. Gambino, 59 F.3d 353, 360 (2d Cir. 1995)). Here, Goldstein was arrested in March 2018 (33 months ago) and pleaded guilty in August 2019 (16 months ago). To the extent that "justice delayed is justice denied," Gambino, 59 F.3d at 360, further delaying sentencing in this matter until it can be conducted in person would continue to cause serious harm to the interests of justice. Accordingly, we request that Goldstein be sentenced via videoconference in late January 2021.

Respectfully submitted,

Marc Agnifilo, Esq.
Jacob Kaplan, Esq.

cc:     All Counsel (via ECF)

-4-