USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/18/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA,

          -against-

JEFFREY GOLDSTEIN,

                    Defendant.
---------------------------------------------------------X

18-CR-217 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Jeffrey Goldstein, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 365.) Goldstein argues that he should be released because: (1) he suffers from certain medical conditions that cannot be adequately treated in prison; (2) he is at heightened health risk from COVID-19; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release. (*Id.* at 1–2.) The Government opposes Goldstein's motion. (Gov't Opp'n, ECF No. 368.) For the reasons below, Goldstein's motion for compassionate release is DENIED.

## BACKGROUND

      On August 16, 2019, Goldstein pleaded guilty to conspiring to violate the Anti-Kickback Statute, in violation of 18 U.S.C. § 371. (Plea Tr. 9:7–10, 17:5, ECF No. 141.) Specifically, Goldstein participated in a scheme to prescribe a highly addictive fentanyl-based spray in exchange for bribes and kickbacks. (Presentence Investigation Rep. ("PSR") ¶ 23; ECF No. 242.) He served as a paid speaker ostensibly to conduct educational programs about the spray. (*Id.* ¶ 55, 61.) In fact, however, many of these programs were not educational, and merely operated as a means of rewarding physicians for prescribing large volumes of the spray. (*Id.* ¶¶

55–60, 68, 81–82.)  Goldstein personally collected approximately $196,000 in payments over the course of his involvement in the scheme.  (*Id.* ¶ 61.)

Goldstein was sentenced to a 57-month term of imprisonment on June 16, 2021.  (J. at 1, ECF No. 349.)  He requested compassionate release from the Warden of Federal Correctional Institution ("FCI") Cumberland, where he is incarcerated, on June 24, 2022.  (Def.'s Mot. Ex. 1.)  He states that he did not receive a reply regarding that request.  (Def.'s Mot. at 1.)  Goldstein submitted the instant motion on August 3, 2022, more than thirty days after making his initial request to the Warden.  (*Id.* at 3.)  Goldstein argues that early release is warranted because: (1) he suffers from certain medical conditions that cannot be adequately treated in prison; (2) he is at heightened health risk from COVID-19; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release.  (*Id.* at 1–2; *see also* Suppl., ECF No. 370.)  The Government filed its opposition to Goldstein's motion on September 8, 2022.  (*See* Gov't Opp'n.)

**LEGAL STANDARD**

Section 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391 (Dec. 21, 2018), authorizes a court to reduce a defendant's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant.  18 U.S.C. § 3582(c)(1)(A).  A court may reduce a defendant's sentence only "if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]"  *Id.*  Three requirements must be met before a court grants such relief.

First, absent waiver or forfeiture by the Government, a petitioner must "fully exhaust[] all administrative" remedies in requesting relief from the BOP.  *Id.*; *see also United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021).  Second, a petitioner must show that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), "and would not

simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). The Second Circuit has held that, pursuant to the First Step Act's revision of the compassionate release statute, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Accordingly, a court is not limited to those circumstances specified in the Sentencing Commission Guidelines, and may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *Id.* Third, a court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). These factors include, of particular relevance here, "the nature and circumstances of the offense and the history and characteristic of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

The Government agrees that Goldstein has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). (*See* Gov't Opp'n at 8 n.2.) Accordingly, early release depends on whether (1) Goldstein has shown sufficiently "extraordinary and compelling reasons" to warrant release, and (2) the § 3553(a) factors weigh in favor of release.

**I.   Goldstein Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release**

Goldstein states that he has "been diagnosed with severe and symptomatic bradycardia," which has "increased [his] risk of trauma and associated injuries." (Def.'s Mot. at 1.) He argues that, "due to [his] current uncontrolled medical issues and . . . bout with [COVID-19,] coupled

with the limited medical care and capability at [FCI] Cumberland . . . [his] life is at a higher risk than if [he were] home." (*Id.* at 2.)

Goldstein's medical conditions do not constitute "extraordinary and compelling reasons" for release. *See, e.g.*, *United States v. Robinson*, No. 21-1865-CR, 2022 WL 2204126, at *2–3 (2d Cir. June 21, 2022) (defendant's heart murmur and bradycardia—in particular where the record did not show these conditions were being improperly treated—did not constitute extraordinary and compelling reasons warranting relief). In addition, there is no indication the BOP has failed to address Goldstein's medical conditions. (*See* Gov't Opp'n Ex. A.) In fact, Goldstein's supplemental submission shows that he was seen by a cardiologist as recently as November 2022. (Suppl. at 1.)

As for his concerns regarding exposure to COVID-19 at his facility, Goldstein has been fully vaccinated against COVID-19 and received his second booster dose in June 2022. (Def.'s Mot. at 2.) Therefore, although he may still be experiencing lingering effects of a prior coronavirus infection, "any risk that [he] may become severely ill from COVID-19 has been significantly reduced." *United States v. Delgado*, 582 F. Supp. 3d 136, 140 (S.D.N.Y. 2022) (Wood, J.). Accordingly, Goldstein has not shown "a specific life-ending or debilitating illness with a predictable, dire short-term prognosis" that would warrant immediate release. *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (Caproni, J.).

## II.     The Section 3553(a) Factors Weigh Against Release

The Section 3553(a) sentencing factors do not support early release. As the Court stated at sentencing, "[g]eneral deterrence is what drives this sentence." (Sent'g Tr. 36:10, ECF No. 350.) In particular, the Court determined it was necessary to "send a strong message to doctors that if they accept bribes in return for prescriptions, they're subject to and will get a substantial term of incarceration, particularly when the prescriptions are for dangerous and addictive

products." (*Id.* 36:11–14.) Goldstein's sentence also reflected the duration of his involvement in the kickback scheme, in which he "commit[ed] this crime . . . day after day [for nearly two-and-a-half years], knowing that many of his patients did not need [the spray] and [that] they might become addicted to it." (*Id.* 36:22–24; 37: 7–9.) Finally, the Court determined that Goldstein's sentence was necessary to avoid unwarranted disparities with his co-defendants. (*Id.* 37:11–12.) Notably, during his involvement with the kickback scheme, Goldstein received more money than all but one of his co-defendants. (PSR ¶¶ 83–88.)

To date, Goldstein has served approximately seventeen months, or less than one-third, of his 57-month sentence. In light of the duration of Goldstein's participation the kickback scheme, and the need to promote general deterrence, the Court finds that releasing Goldstein would not reflect "the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." *See* 18 U.S.C. § 3553(a).

Because Goldstein has not established an extraordinary and compelling reason, and because the § 3553 factors weigh against release, his motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

## CONCLUSION

For the reasons stated above, Goldstein's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

The Clerk is respectfully directed to close the motion at ECF No. 365.

SO ORDERED.

Dated: New York, New York
January 18, 2023                                         */s/ Kimba M. Wood*
                                                          KIMBA M. WOOD
                                                     United States District Judge

5